**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4174**

---

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

HERMAN LEE MCCRAY, JR.,

               Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:11-cr-00136-F-1)

---

Submitted: November 25, 2014       Decided: December 8, 2014

---

Before KEENAN and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

R. Clarke Speaks, SPEAKS LAW FIRM PC, Wilmington, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herman Lee McCray, Jr., pled guilty, pursuant to a written plea agreement, to distributing a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2012). The district court sentenced him below the advisory U.S. Sentencing Guidelines range to 144 months' imprisonment. McCray timely appealed.

Counsel for McCray filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring there are no meritorious grounds for appeal, but questioning the substantive reasonableness of McCray's sentence. McCray filed a pro se supplemental brief challenging his designation as a career offender. The Government has moved to dismiss the appeal based on the appellate waiver provision in McCray's plea agreement. For the reasons that follow, we grant the Government's motion and dismiss this appeal as to McCray's sentence, and we affirm his conviction.

We review de novo the validity of an appeal waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). "We generally will enforce a waiver . . . if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks and alteration omitted). A

2

defendant's waiver is valid if he agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010).

Our review of the record confirms that McCray knowingly and voluntarily waived the right to appeal his sentence, reserving only the right to appeal a sentence in excess of the Guidelines range established at sentencing. Because the district court imposed a below-Guidelines sentence, we grant the Government's motion to dismiss and dismiss the appeal of McCray's sentence.

McCray's appeal waiver does not preclude appellate review of his conviction. Counsel does not challenge the conviction on appeal, and our review of the record, conducted pursuant to Anders, revealed no potentially meritorious claims relevant to the validity of McCray's conviction. We therefore affirm the judgment as to McCray's conviction.

This court requires that counsel inform McCray, in writing, of his right to petition the Supreme Court of the United States for further review. If McCray requests that such a petition be filed, but counsel believes that the petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on McCray. We

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>